IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CEDRIC BERNARD PICKARD,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:22-cv-70-TES-CHW |
| VS. | : | |
| | : | |
| **MARK IRVIN;** *et al.*, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | <u>BEFORE THE U.S. MAGISTRATE JUDGE</u> |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Plaintiff Cedric Bernard Pickard, an inmate in Hancock State Prison in Sparta, Georgia, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis*. ECF Nos. 2; 5. Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915A(b)(1).

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF Nos. 2; 5. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the

prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Hancock State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account

shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

   II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

   I.   Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010);

*Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

4

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations

Plaintiff names Upson County District Attorney Merie Broder, Upson County Deputy District Attorney Mark Irvin, and five Upson County Commissioners as Defendants. ECF No. 1 at 1, 4. He complains that since 1999, Broder and Irvin

> conspired together and with each other decided that presenting felony cases to a grand jury could be unconstitutionally deferred only by having a single, selected Upson County grand juror[] ("the selected grand jury foreperson") to physically sign off on the state's alleged criminal indictment as if the whole body panel of jurors has been presented sworn testimonies, and evidence, knowing that it wasn't true.

*Id*. at 6. According to Plaintiff, this "conspiracy" and practice deprived him of his due process rights. *Id*. He seeks declaratory relief, to have the Defendants enjoined, and "[a]ny other proper, fair and constitutionally entitled relief this [C]ourt deems proper." *Id*. at 7.

III.   Plaintiff's Claims

A.   Due process claims against Broder and Irvin

Following a jury trial, Plaintiff was convicted of kidnapping and two counts of aggravated child molestation in the Superior Court of Upson County. *Pickard v. State*, 572 S.E.2d 660, 661 (Ga. App. 2002). Plaintiff alleges that an improper indictment deprived him of his due process rights. ECF No. 1 at 6. Plaintiff is essentially challenging the lawfulness of his criminal proceedings. This claim is barred pursuant to the doctrines

announced in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994).

Civil rights actions brought under 42 U.S.C. § 1983 are appropriate when a prisoner "is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499–500 (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus"); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought under 42 U.S.C. § 1983). In *Heck*, the Supreme Court held that a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. 512 U.S. at 486-87.

Thus, a claim that challenges a prisoner's incarceration is not cognizable under § 1983 until the underlying criminal conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 483. Plaintiff makes no allegations that his conviction has been invalidated in any way. As such, the plaintiff has failed to raise a viable claim against the Defendants in this case.

Moreover, prosecutors are "entitled to absolute immunity for 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state.'" *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (citation omitted); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).

This immunity applies even if the prosecutors acted with a malicious or improper motive or intentionally acted in bad faith. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009); *Neville v. Classic*, 141 F. Supp.2d 1377, 1381 (S.D. Ga. 2001). Thus, Defendants Irvin and Broder are entitled to absolute immunity from damages. Plus, in order to receive injunctive or declaratory relief against Irvin and Broder, Plaintiff would have to "establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff has "an adequate remedy at law," he can pursue a claim regarding his allegedly void indictment in a state habeas proceeding.[1] *Id*; *Grogan v. State*, 676 S.E.2d 764, 766 (Ga. 2009).

> B. <u>Any claim against Commissioners Allen, Wilder, Ellington, Jones, and Watson</u>

While Plaintiff names the Upson County Commissioners in the heading of his complaint, he makes no allegations against them. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged

---

[1] The Court makes no ruling on whether Plaintiff's claim that only the jury foreperson signed his indictment "establish[es] that there was a violation." *Bolin*, 224 F.3d at 1242. As stated above, this issue cannot be raised in a 42 U.S.C. § 1983 action. It appears, however, that no particular signatures are required on an indictment. *White v. State*, 718 S.E.2d 335, 342 (Ga. App. 2011) (holding that O.C.G.A. § 17-7-54 contains "no express requirement that the indictment contain a written statement that it was received in 'open court,' or that it be signed.").

constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that associated those defendants with any claim). Thus, in the absence of any connection between the County Commissioners and Plaintiff's alleged unconstitutional deprivations, Plaintiff fails to state a claim for relief against him.

To any extent that Plaintiff alleges the County Commissioners had some role in denying him due process based on the lack of signatures on his indictment, this claim is not cognizable for the reasons explained above.

IV.   Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion to proceed in forma pauperis is GRANTED. It is **RECOMMENDED**, however, that Plaintiff action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915A(b)(1).

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal

the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 13th day of March, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
